Caldwell *v.* Hodsden.

CALDWELL, Adm'r, *v.* THE WIDOW, HEIRS AND CREDITORS of R. H. HODSDEN, Deceased.

CHANCERY PRACTICE. *Appeal against an order. What it brings up.* An appeal against an order on further directions will not bring up the decree on which the order was founded, and *a fortiori,* an appeal from an order simply directing the execution of a former decree.

FROM SEVIER.

Appeal from the Chancery Court at Sevierville. O. P. TEMPLE, Ch.

CALDWELL and PICKLE for complainant.

T. R. CORNICK, Jr., for defendants.

COOPER, J., delivered the opinion of the court.

A preliminary question arises upon this record as to what decrees are brought up by the appeal.

The bill was filed on the 21st of July, 1868, by John H. Caldwell, as administrator *cum testamento annexo* of the estate of R. H. Hodsden, deceased, against the widow, heirs, devisees and creditors of the testator for the administration of the estate, as being insolvent. Such proceedings were had that, at the April term, 1869, of the Chancery Court, a decree was rendered for the sale of the realty for the payment of debts, the land sold thereunder, and the sale confirmed at the October term following. Afterwards, a report of assets and liabilities was made, which was confirmed

at a special term held in November, 1872. These decrees settled and adjudged the rights of all the parties under the pleadings and proofs, the cause remaining on the docket probably for the purpose of carrying the decrees into full execution. At the April term, 1876, upon motion of the widow of the testator, and some of his heirs, the court ordered the clerk and master to proceed "to collect and distribute the funds in this cause in accordance with the orders heretofore made," and "to pay the costs of this proceeding out of the funds now in court," and thereupon, on motion of the parties at whose instance "this decree" is made, an appeal was granted "from all the decrees and orders made in this cause heretofore."

The order thus made does not purport to settle any right, determine any principle involved in the litigation, or order an account, sale, or partition of property. It is not, therefore, a decree upon which the Chancellor was authorized to grant an appeal under the Code, sec. 3157, nor a final decree from which the parties would have the right to appeal under sec. 3155. It was, in fact, a useless and unnecessary order, for it was the duty of the clerk and master, without it, to collect and distribute the funds in the cause in accordance with previous orders, and the court erred in ordering the cost of it—this proceeding—to be paid out of the funds then in court. At most, it was an order upon a reservation of further directions, to carry a former order or decree into effect. But the settled law is, that an appeal against an order on further directions will not bring up the decree upon which

Caldwell *v.* Hodsden.

the order was founded. *Beavan* v. *Mornington*, 8 H. L. Cas., 525, 540. An appeal, this court has said, only annuls or vacates, and, of course, only brings up such orders, judgments, or decrees as, in legal contemplation, are appealed from, leaving all others in full force. *Gilchrist* v. *Cannon*, 1 Col., 590. And the rule was applied in an administration suit like the present, at the January term, 1877, at Nashville, in the case of *Porter* v. *McNairy*, the opinion being delivered by Judge McFarland.

The appeal in this case only brings up the order in which it was granted, and as there was error in it in the matter of the costs, it will be reversed in that regard, affirmed in other respects, and the cause remanded to the court below. The appellants will pay the costs of the order and of this court.